Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JOSÉ ANTONIO PADILLA OYOLA Y OTROS **Apelante** V. BRENDA MALDONADO PADILLA **Apelado** | KLAN202300945 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Civil. Núm. BY2023CV02898 Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

El 24 de octubre de 2023, el Sr. José Antonio Padilla Oyola, su esposa, la Sra. María Isabel Padilla Martínez y la Sociedad Legal de Gananciales compuesta por ambos (apelantes o matrimonio Padilla) comparecieron ante nos mediante *Apelación* y solicitaron la revisión de una *Sentencia* que se dictó y notificó el 26 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI desestimó sin perjuicio la *Demanda* que presentó la parte apelante por entender que el término de ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V., R. 4.3 para emplazar a la parte demandada había transcurrido.

Por los fundamentos que expondremos a continuación, ***revocamos*** el dictamen recurrido.

I.

El 24 de mayo de 2023, el matrimonio Padilla presentó una Demanda sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios en contra de la Sra. Brenda Maldonado Padilla (señora

Número Identificador

SEN2023 _____

Maldonado o parte demandada).[1] Al día siguiente, a saber, el 25 de mayo de 2023, el TPI emitió una *Orden sobre Emplazamientos* mediante la cual le concedió a la parte apelante un término de cinco (5) días para someter los proyectos de emplazamiento para que procediera su diligenciamiento una vez estos fuesen expedidos.[2] Además, le advirtió a la parte que, si no cumplía con lo anterior, no se recibirían los emplazamientos y continuaría corriendo el término para emplazar. En cumplimiento con esta orden, el 29 de mayo de 2023, el matrimonio Padilla presentó un *Escrito al Expediente Judicial Moción sobre Expedición de Emplazamiento a la Parte Demandada.*[3] En este, solicitó que se expidiera el emplazamiento dirigido a la parte demandada y a su vez, anejó el proyecto de emplazamiento que se sometió mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Así pues, el 1 de junio de 2023, el TPI emitió y notificó una *Orden* en la cual ordenó que se expidiesen los emplazamientos.[4] Ese mismo día, a saber, el 1 de junio de 2023, Secretaría expidió el emplazamiento sometido.[5]

Posteriormente, el 26 de septiembre de 2023, el TPI emitió y notificó una *Sentencia* y en esta, expresó que hasta la fecha antes expuesta no obraba del expediente de autos evidencia que acreditara que la parte demandada fue emplazada conforme a derecho.[6] Expuso que conforme a la Regla 4.3 de Procedimiento Civil, supra, el emplazamiento se tenía que diligenciar en el término de ciento veinte (120) días a partir de la presentación de la *Demanda.* Así pues, concluyó que en presente caso había transcurrido dicho término sin que la parte apelante emplazara a la señora Maldonado conforme a derecho. Consecuentemente, desestimó la *Demanda* sin perjuicio al

---

[1] Véase, pags. 4-9 del apéndice del recurso.
[2] Íd., págs. 11-12.
[3] Íd., págs. 13-15.
[4] Íd., pág. 16.
[5] Íd., págs. 17-19.
[6] Íd., págs. 2-3.

amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V., R.39.2.

Inconforme con este dictamen, el 27 de septiembre de 2023, los apelantes presentaron una *Moción de Reconsideración de Sentencia de Desestimación y de Permiso para Emplazamiento por Edicto.*[7] En primer lugar, indicaron que el término de ciento veinte (120) días que establece la Regla 4.3 (c) de Procedimiento Civil, *supra,* para emplazar a la parte demandada vencía el 29 de septiembre de 2023 por lo que la *Sentencia* antes mencionada se emitió cuatro (4) días antes de que venciera dicho término. Sostuvo que el término antes expuesto comenzó a transcurrir a partir del 1 de junio de 2023 cuando el emplazamiento fue expedido por Secretaría.

Por otra parte, en vista de que el término para emplazar no había vencido aún, los apelantes le solicitaron al TPI a que autorizara emplazar a la señora Maldonado por edicto y que se expidiera el referido emplazamiento ya que el diligenciamiento por emplazamiento personal fue infructuoso. Para sostener dicha alegación, anejó una declaración jurada que preparó el emplazador acreditando las múltiples diligencias realizadas para diligenciar el emplazamiento personal.[8] Además, incluyó el correspondiente proyecto de emplazamiento por edicto.[9]

En respuesta, el 28 de septiembre de 2023, el TPI emitió y notificó una *Orden* en la cual declaró No Ha Lugar la solicitud de reconsideración.[10] Expresó que el término para diligenciar los emplazamientos comenzó a transcurrir desde que se radicó la *Demanda* el 24 de mayo de 2023 y no se presentaron los emplazamientos simultáneamente. Así pues, resolvió que la parte apelante tenía hasta el 21 de septiembre para diligenciar los emplazamientos o solicitar el emplazamiento por edicto. Ante ello, el 4 de octubre de 2023, el matrimonio Padilla presentó una segunda

---

[7] Íd., págs. 20-22.
[8] Íd., págs. 23-24.
[9] Íd., pág. 25.
[10] Íd., pág. 26.

solicitud de reconsideración y permiso para emplazar por edicto.[11] Asimismo, el 5 de octubre presentó una *Segunda Moción de Permiso para Emplazamiento por Edicto.*[12] A tales efectos, el 11 de octubre de 2023, el TPI emitió y notificó una *Orden* declarando No Ha Lugar a la segunda solicitud de reconsideración y al permiso para emplazar por edicto. Reiteró que el término de ciento veinte (120) días para emplazar había comenzado a transcurrir desde que se radicó la Demanda. De igual forma, indicó que la expedición de los emplazamientos fue posterior ya que la parte apelante no los presentó simultáneamente con la *Demanda.*

Aún en desacuerdo, el 24 de octubre de 2023, el matrimonio Padilla presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda por no haber cumplido los demandantes con el término para emplazar contenido en la Regla 4.3 (c) de Procedimiento Civil.**
>
> **Erró el Honorable Tribunal de Primera Instancia al actuar en contra de sus propios actos al determinar que el emplazamiento personal no fue diligenciado dentro del término de 120 días por este haber comenzado a decursar el día de la presentación de la demanda y no desde el día en que Secretaría expidió el emplazamiento cuando de la propia orden impartida por el TPI surge que concedía a la parte demandante el término de cinco (5) días para presentar el proyecto de emplazamiento so pena de que continuara corriendo el término para emplazar.**

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 7.

II.

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado sobre la existencia de una reclamación incoada en su contra, para así garantizarle su derecho a ser oído y

---

[11] Íd., págs. 27-31.
[12] Íd., págs. 32-34.

defenderse. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). Además, a través del emplazamiento los tribunales adquieren jurisdicción sobre la persona del demandado, "de forma tal que este quede obligado por el dictamen que finalmente se emita". Íd.

La Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, establece dos maneras de diligenciar el emplazamiento, a saber, de forma personal o mediante edicto. *Carribean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1005 (2021). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Íd. No obstante, por excepción y en circunstancias específicas, la referida regla permite que se emplace por edicto cuando la persona a ser emplazada no puede ser ubicada pese a las diligencias realizadas a tales efectos. Íd. Sobre este particular, la Regla 4.6 (a) de Procedimiento Civil, *supra*, establece lo siguiente:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o **que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada,** o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, **y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada**, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible

localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

Ahora bien, cabe resaltar que para que un tribunal permita un emplazamiento por edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después de haberse sometido una declaración jurada con las diligencias efectuadas. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987-988 (2020). Sobre la declaración jurada acreditativa de las diligencias para emplazar, se ha resuelto que esta debe expresar hechos específicos y no meras conclusiones o generalidades, expresando las personas con quienes se investigó y su dirección. Íd. Además, se ha reconocido como buena práctica, el inquirir de las autoridades de la comunidad, la policía, el alcalde, entre otros. Íd.

Demostrar que se han hecho todas esas diligencias es la única forma en que puede establecerse satisfactoriamente ante el juez la imposibilidad de notificar personalmente al demandado. *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 514 (1993). A tenor con lo anterior, debido a que la declaración jurada que se presenta en apoyo a la publicación de un edicto es parte integral del procedimiento de emplazamiento por edicto, un tribunal no adquiere jurisdicción si es insuficiente para inspirar el "convencimiento" judicial necesario. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993).

De otro parte, en cuanto al término para emplazar, la Regla 4.3(c) de Procedimiento Civil, *supra,* establece lo siguiente:

> (c) El emplazamiento será diligenciado **en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el

efecto de una adjudicación en los méritos. (Énfasis y subrayado nuestro).

De la precitada regla, se desprende, entre otros asuntos, el término que tiene el demandante para emplazar y el momento en que empieza a transcurrir dicho término. Específicamente, dicha regla es clara al establecer que la Secretaría del tribunal deberá expedir los emplazamientos el mismo día en que se presente la demanda siempre que el demandante entregue los formularios de emplazamiento ese mismo día. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648-649 (2018). En estas instancias, el demandante tendrá un término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento so pena de que se desestime automáticamente si no lo hace dentro de dicho término. Íd., pág. 649.

Sin embargo, el Tribunal Supremo resolvió que si la Secretaría no expidiese el emplazamiento el mismo día en que se presentó la demanda junto al emplazamiento, el tiempo que demore el tribunal en expedir los emplazamientos será el tiempo que tendrá la parte demandante para diligenciar su emplazamiento. Íd. Cabe resaltar que en ninguna circunstancia la parte contará con más de ciento veinte (120) días para diligenciar el emplazamiento. En fin, **para que comience a decursar el referido término de ciento veinte (120) días, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal.** (Énfasis nuestro) Íd., pág. 650.

Por último y en lo pertinente al caso ante nos, en el caso *Sánchez Ruiz v. Higuera Pérez,* supra, pág.992, el Tribunal Supremo estableció que cuando una parte demandante solicita emplazar por edicto dentro del término de ciento veinte (120) días para diligenciar el emplazamiento personal, "el término para diligenciar el emplazamiento por edicto se prorroga tácitamente, ya que se trata de un nuevo emplazamiento, distinto al emplazamiento personal que se expide automáticamente con la presentación de la demanda". Es decir, el

término de ciento veinte (120) días comienza a transcurrir nuevamente cuando se autoriza y se expide el emplazamiento por edicto. Íd.

III.

En su recurso de *Apelación*, el matrimonio Padilla argumentó que el TPI erró al desestimar la *Demanda* por razón de que estos no habían emplazado a la parte demandada dentro de los ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil, *supra*. Específicamente sostuvo que el TPI erró al determinar que el término de ciento veinte (120) días comenzaba a decursar el día de la presentación de la demanda y no desde que se expidió el emplazamiento. Le asiste la razón. *Veamos.*

Discutiremos los señalamientos de error en conjunto por estar íntimamente relacionados entre sí. Conforme al precitado derecho, para que comience a transcurrir el término de ciento veinte (120) días para diligenciar el emplazamiento, sea este un emplazamiento personal o un emplazamiento por edicto, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente, sino, además, **que el emplazamiento sea expedido por el tribunal.** *Bernier González v. Rodríguez Becerra,* supra, pág. 650. Asimismo, la Regla 4.3 (c) de Procedimiento Civil, claramente establece que el emplazamiento será diligenciado en el término antes expuesto a partir de la presentación de la demanda **o** de la fecha de expedición del emplazamiento por edicto.

En el caso de autos, el matrimonio Padilla presentó su *Demanda* el 24 de mayo de 2023 y al día siguiente, el TPI emitió una *Orden sobre Emplazamiento*, concediéndole a los apelantes un término de cinco (5) días, a saber, hasta el 29 de mayo de 2023, para someter los proyectos de emplazamiento "para que procediera su diligenciamiento una vez estos fuesen expedidos". Oportunamente, los apelantes presentaron un proyecto de emplazamiento dirigido a la señora Maldonado y el 1 de junio de 2023, Secretaría expidió el referido emplazamiento. Estamos conscientes de que el matrimonio Padilla no presentó su proyecto de

emplazamiento junto a su *Demanda*. Sin embargo, como mencionamos anteriormente, el TPI le otorgó un término para presentar su proyecto de emplazamiento y estos cumplieron con la referida orden. Así pues, es forzoso concluir que el término de ciento veinte (120) días para diligenciar el aludido emplazamiento comenzó a transcurrir el 1 de junio de 2023, fecha en que Secretaría expidió el emplazamiento y no desde el momento en que se presentó la *Demanda*. Por lo tanto, el matrimonio Padilla tenía hasta el 29 de septiembre de 2023 para diligenciar el emplazamiento.

Dicho lo anterior, el TPI erró al emitir una *Sentencia* el 26 de septiembre de 2023, desestimando la *Demanda* sin perjuicio por razón de que la parte no había emplazado a la parte demandada dentro del término de ciento veinte (120) días a pesar de que todavía le faltaban cuatro (4) días a los apelantes para diligenciar el emplazamiento. Además, no podemos concurrir con el TPI en que el término para diligenciar el emplazamiento comenzó a transcurrir a partir de la presentación de la *Demanda* como este foro expone en el dictamen recurrido. Como concluimos anteriormente, el término de ciento veinte (120) días comienza a decursar desde que se expide el emplazamiento y no así desde que se presenta la Demanda. Consecuentemente, el TPI cometió el primer y segundo señalamiento de error.

Ahora bien, considerando lo antes resuelto, cabe precisar que, el matrimonio Padilla presentó una solicitud para emplazar por edicto el 27 de septiembre de 2023, entiéndase, dentro del término de ciento veinte (120) días para diligenciar el emplazamiento personal. Ello, ya que no pudo emplazar a la parte demanda por emplazamiento personal. En consecuencia, le ordenamos al TPI a atender dicha solicitud por haberse hecho oportunamente. Si el TPI autoriza dicho emplazamiento, el término para diligenciar el emplazamiento por edicto se prorroga tácitamente, ya que se trata de un nuevo emplazamiento. *Sánchez Ruiz v. Higuera Pérez*, supra, pág.992. Es decir, el término de ciento veinte (120) días comenzará a transcurrir nuevamente si el TPI autoriza y si

se expide el emplazamiento por edicto. Aclaramos que, con lo antes mencionado no estamos prejuzgando en los méritos de si procede o no autorizar el emplazamiento por edicto. Dicha determinación le corresponde al foro apelado.

IV.

Por los fundamentos que expondremos a continuación, ***revocamos*** el dictamen recurrido y le ordenamos al TPI a que proceda conforme a lo aquí resulto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones